UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHAMBERS OF**<br>**CATHY L. WALDOR**<br>UNITED STATES MAGISTRATE JUDGE | **MARTIN LUTHER KING COURTHOUSE**<br>50 WALNUT ST.<br>ROOM 4040<br>NEWARK, NJ 07101<br>973-776-7862 |

September 17 , 2012

### LETTER OPINION

Re:   Richard Badillo v. Innocent Obuah, et al,
      Civil Action No. 10-4222 (ES)(CLW)

**Introduction**

This matter comes before the Court on Plaintiff's motion to substitute parties (Docket Entry No. 36, Ex. 1, the "Motion"), filed January 20, 2012, due to the passing of defendant Leslie Dawson ("Dawson").  The Motion seeks to substitute Earl W. Dawson, Sr. ("Earl Dawson") and Gail P. Dawson ("Gail Dawson") as defendants in their capacity as representatives of the estate of defendant Dawson.  (Motion at 4-5).  For the reason set forth below, the **Motion is Granted in part, and Denied in part, without prejudice**.  The Court will permit Gail Dawson to be substituted as the representative of the estate of defendant Dawson.  Plaintiff's request to add Earl Dawson is denied, without prejudice.

**Background**

The instant action was filed on August 17, 2010. (Docket Entry No. 1, the "Complaint"). Plaintiff Richard Badillo ("Plaintiff") alleged that defendants Innocent Obuah, Leslie Dawson, and Elena Sung "abus[ed], restrain[ed], and seclud[ed]" Plaintiff, in violation of various state and federal laws. (Complaint at 2).  This Motion relates only to defendant Dawson.  Plaintiff states that "[d]efendant Dawson died on September 8, 2011.  (Motion at 4).  Plaintiff noticed the Court and opposing parties of the death of defendant Dawson on September 14, 2011.  (Motion at 7).  On October, 26, 2011, Plaintiff filed a motion to substitute Gail Dawson and Earl Dawson as

representatives of defendant Dawson's estate. (Id.). This Motion was served on Earl and Gail Dawson by certified mail. (Id.). On November 15, 2011 Gail Dawson filed a letter with the Honorable Esther Salas, U.S.D.J., confirming the death of defendant Dawson and identifying herself as the administrator of Dawson's estate. (Id., Docket Entry No. 37, "Letter"). On December 26, 2011, this Court order Plaintiff to file a formal motion to substitute the estate of Dawson. (Motion at 7). On January 20, 2012 Plaintiff filed this Motion.

**Discussion**

Fed. R. Civ. P. 25(a)(1) ("Rule") states that:

> "If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties in the manner provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party."

The threshold inquiry is whether the Motion was properly served on Gail and Earl Dawson. Rule 25, in relevant part, requires that "the motion ... shall be served ... upon persons not parties in the manner provided in Rule 4 for the service of a summons." FED. R. CIV. P. 25(a)(1). In other words, the persons who are not parties, but whom the movant seeks to make parties by substitution, need to be served pursuant to Rule 4, rather than using Rule 5 service. Here, Plaintiff indicates that the Motion was sent to Gail and Earl Dawson via Certified Mail. (Motion at 7). At this time, Plaintiff has not provided the Court with the proof service required by Rule 4. Gail Dawson, however, has written a letter to this Court making the representation that she is the administrator of

defendant Dawson's estate and indicating she is a litigant in the above captioned matter. (Letter at 1). As such, this Court assumes that Gail Dawson has accepted service by way of certified mail. See Anderson v. Wade, No. 3:05-33, 2008 WL 873653, at *3 (W.D.N.C., March 26, 2008) (granting motion to substitute representative of the estate where executor made no objection and filed a similar response for substitution purposes.).

Furthermore, Plaintiff has indicated that the other parties to this litigation have been properly served pursuant to Rule 5. (Motion at 7). No objections to this Motion have been made. As such, service of this Motion, as it relates to all non-moving parties, is proper. Additionally, Rule 25 permits a motion to substitute "be made by any party or by the successors or representatives of the deceased party." FED. R. CIV. P. 25(a)(1) Here, Plaintiff moves to substitute Earl and Gail Dawson, as representatives of defendant Dawson's estate. As the Plaintiff clearly is a party to this litigation he has proper standing to make this Motion.

Next, the Motion alleges that both Gail Dawson and Earl Dawson are representatives of defendants Dawson's estate. (Motion at 7). Gail Dawson has submitted a letter indicating that she is the representative of defendant Dawson's estate. (Letter at 1). The Court is satisfied that Plaintiff has meet his burden under Rule 25 as it relates to the Motion to substitute Gail Dawson as a representative of the defendant Dawson's estate. As to Earl Dawson, however, Plaintiff has not illustrated that he is a representative of defendant Dawson's estate. Unlike Gail Dawson, Earl Dawson has not submitted anything to this Court to indicate that he is in fact a representative of the estate. As plaintiff has failed to carry his burden of illustrating that Earl Dawson is a "proper party" to substitute in this litigation, Plaintiff's Motion to substitute Earl Dawson as a representative of the defendant Dawson's estate is denied, without prejudice. To the extent Plaintiff can satisfy Rule 25,

as it relates to substituting Earl Dawson as a proper party in his capacity to defendant Dawson's estate, Plaintiff may re-file his motion to substitute.

Finally, in order to grant a motion to substitute Gail Dawson as a representative to defendant Dawson's estate, the Court must consider if Plaintiff's claims survive defendant Dawson's passing. Plaintiff's Motion moves to assert claims pursuant to N.J.S.A. 2A:15-4, N.J.S.A. 30:4-24.2, and 42 U.S.C. § 1983 against defendant Dawson's estate. The Court will address each claim in turn.

Rule 25 conditions substitution on a "claim [] not [being] thereby extinguished" by the decedent's death. Pursuant to 42 U.S.C. § 1988, state statutory law governs the disposition of issues such as the survival of claims after the death of a defendant. See Robertson v. Wegmann, 436 U.S. 584, 589-90 (1978) (ruling that a state survival law was consistent with the U.S. Constitution).

New Jersey has a survival statute similar to the law at issue in Robertson. That statute, N.J.S.A. 2A:15-4, reads:

> "Where any testator or intestate shall, in his lifetime, have taken or carried away or converted to his use, the goods or chattels of any person, or shall, in his lifetime, have committed any trespass to the person or property, real or personal, of any person, such person, his executors or administrators, shall have and may maintain the same action against the executors or administrators of such testator or intestate as he or they might have had or maintained against the testator or intestate, and shall have the like remedy and process for the damages recovered in such action as are now had and allowed in other actions against executors or administrators."

As noted in Plaintiff's Motion, the legislative intent of the N.J.S.A. 2A:15-4 was to abrogate the common law rule that a tort claims fails to survive the death of the party. See Weller v. Home News Publishing Co., 112 N.J. Super 502, 506 (App. Div. 1970). Here, Plaintiff asserted a state law tort claim against defendant Dawson. Specifically, Plaintiff alleges that defendant Dawson assisted

defendant Obuah in dragging Plaintiff down a hallway causing Plaintiff to suffer a broken collarbone as the result of an unprovoked assault. (Motion at 9). Plaintiff's claim against defendant Dawson clearly qualifies as a tort claim properly pled under N.J.S.A. 2A:15-4. In light of the above, Plaintiff can properly assert the claim against Gail Dawson in her capacity as a representative of defendant Dawson's estate.

Plaintiff's Complaint also alleges that defendant Dawson violated the Patient's Bill of Rights pursuant to N.J.S.A. 30:4-24.2. (Motion at 10). Whether a claim under N.J.S.A 30:4-24-2 survives the death of the a defendant is a matter of first impression. As the New Jersey State Courts have not addressed whether a plaintiff can pursue a violation of a patient's civil rights against a defendant's estate, this Court draws a parallel to the Hawes v. Johnson & Johnson, 940 F. Supp. 697 (D.N.J. 1996) matter, wherein the court permitted the plaintiff's estate to assert an New Jersey Law Against Discrimination ("NJLAD") violation after the plaintiff's passing. The Hawes court found that the liberal construction of the respective survival statute by New Jersey state courts, coupled with the intended purpose of NJLAD, supported a finding that the plaintiff's discrimination claim could survive his death. 940 F. Supp. at 701-02. District courts have, likewise, relied on a state court's liberal construction of a survival statute to permit a plaintiff to bring a claims under 42 U.S.C. § 1983 against a defendant's estate. See Williams v. Baron, C.M.O., No. 03-2044, 2009 WL 331371, at *1 (E.D.Cal. Feb. 10, 2009); see also, Buckley v. Alameida, No. 04-5688, 2012 WL 3704715, at *2 (E.D.Cal. Aug. 24, 2012) (finding that plaintiff's claims are not abated upon the death of a defendant).

Here, Plaintiff alleges various violations of his civil rights as a patient. Albeit different from the interested protected by NJLAD or 42 U.S.C. § 1983, this Court can find no relevant distinction

that would abate Plaintiff's Patient's Bill of Rights claim.  Further, as with the statute at issue in Williams, N.J.S.A 30:4-24-2 is silent on survivorship of its claims.  2009 WL 331371, at *1.  As such, Plaintiff's claim pursuant to N.J.S.A. 30:4-24.2 survive and can be asserted against Gail Dawson in her capacity as a representative of defendant Dawson's estate.

Finally, Plaintiff's Complaint alleges violation of his Fourteenth Amendment right to be free from physical harm brought pursuant to 42 U.S.C. § 1983.  (Motion at 11).  Courts in this District have found that a § 1983 claim survives the death of defendant.  See Friedland v. Fauver, 6 F.Supp.2d 292, 312 (D.N.J. 1988).  The Friedland court denied a motion for summary judgement as to Plaintiff's § 1983 claim, on the basis that in New Jersey an action for personal injury survives the death of a defendant.  Id.  Here, Plaintiff has similarly alleged a Fourteenth Amendment violation pursuant to 42 U.S.C. § 1983.  Thus, Plaintiff's Fourteenth Amendment claim survives and can be asserted against Gail Dawson in her capacity as a representative of defendant Dawson's estate.

**Conclusion**

For the foregoing reasons, this Court concludes that the Motion is GRANTED in part, and DENIED in part, without prejudice.  The Motion is granted to permit Plaintiff to assert his claims pursuant to N.J.S.A. 2A:15-4, N.J.S.A. 30:4-24.2, and 42 U.S.C. § 1983 against Gail Dawson solely in her capacity as a representative of defendant Dawson's estate.  The Motion is denied without prejudice as it relates to substituting Earl Dawson.  An appropriate order will accompany this Letter Opinion.

**SO ORDERED.**

*s/Cathy L. Waldor*
**Cathy L. Waldor, U.S.M.J.**
